IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00561-PAB-KLM

LILI M. AVALOS,

    Plaintiff,

v.

PUEBLO COUNTY GOVERNMENT,
VIRGINIA JIMENEZ in her individual capacity,
LIANE "BUFFIE" MCFADYEN, in her individual capacity,
SAL PACE, in his individual capacity,
TERRY HART, in his individual capacity, and
PATSY CRESSWELL, in her individual capacity,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the July 23, 2015 order [Docket No. 18] of the magistrate judge and the Motion for Court to Order an Administrative Closure Pursuant to D.C.COLO.LCivR 41.2 [Docket No. 20] filed by plaintiff Lili Avalos.[1]

On March 19, 2015, plaintiff filed this case. Docket No. 1. On July 22, 2015, plaintiff filed a motion for extension of time to serve defendants. Docket No. 17. Plaintiff stated that, during June and July, 2015, she was caring for her elderly parents and had several work-related deadlines and therefore requested until September 20, 2015 to serve her complaint on defendants. *Id.* at 2.

---

[1] In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

On July 23, 2015, the magistrate judge granted plaintiff's motion in part. Docket No. 18 at 2. The magistrate judge's order explained the requirements of Fed. R. Civ. P. 4(m), noting that, pursuant to Rule 4(m), plaintiff was required to serve defendants by July 17, 2015. *Id.* at 2. The magistrate judge concluded that plaintiff failed to establish good cause for failing to meet this deadline and was therefore not entitled to a mandatory extension of time. *Id.* However, due to plaintiff's pro se status and the grounds identified in plaintiff's motion, the magistrate judge nonetheless granted plaintiff a permissive extension of time until August 31, 2015 to serve defendants. *Id.* at 3. The magistrate judge cautioned that, "No further extensions of time to serve Defendants will be granted absent extraordinary circumstances. Failure to comply with this deadline will result in dismissal of Plaintiff's claims." *Id.* (emphasis omitted). Plaintiff has not served defendants or requested an additional extension of time to do so.

On August 25, 2015, plaintiff filed a motion for appointment of counsel [Docket No. 19], which the Court denied. Docket No. 24. On August 25, 2015, plaintiff filed a motion seeking to administratively close this case. Docket No. 20. Plaintiff asserts that, although she filed this case pro se, she is "not sure I can continue to represent myself adequately against the attorneys of Pueblo County who are not only more knowledgeable, have more resources available to them, and have more time to devote to the issues of my complaint." *Id.* at 2. Plaintiff states that she has been unable to find an attorney willing to represent her in this case on a contingent-fee basis and cannot otherwise afford to retain an attorney. *Id.* at 3. Plaintiff, however, concedes that she has experience working in local courts and with researching law, but, in light of her

other responsibilities, is no longer confident in her ability to represent herself. *Id.* Plaintiff requests that this case be administratively closed to allow her time to acquire an attorney through the Civil Pro Bono Panel or to find an attorney willing to take her case on a contingent-fee basis. *Id.*

The question before the Court is whether this case should be dismissed for failure to serve as contemplated by the magistrate judge's July 23, 2015 order or whether this case should be administratively closed for the reasons set forth in plaintiff's motion. The Court finds that the former course of action is appropriate.

The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).[2] Plaintiff's complaint was filed on March 19, 2015. Docket No. 1. Thus, plaintiff was given ample time to serve defendants, yet failed to do so. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of [Rule 4(m) and] inadvertence or negligence alone do not constitute 'good cause' for failure of timely service"). Plaintiff was granted a permissive extension of time and warned that failure to serve defendants by August 31, 2015 would, in the absence of extraordinary circumstances, result in the dismissal of plaintiff's claims, which satisfies the Court's obligation to "first give the plaintiff an opportunity to show

---

[2]Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

good cause, and then consider whether a permissive extension is warranted, before proceeding to dismiss the case." *See Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003) (unpublished).

Plaintiff has not asked for an additional extension of time to serve defendants or argued that extraordinary circumstances exist for granting an additional extension. And the Court finds no basis to conclude that such circumstances exist. As an initial matter, the Court is not convinced that administrative closure is appropriate where, as here, plaintiff has failed to serve defendants within the time allowed by Rule 4(m). Although plaintiff's motion for administrative closure asserts that plaintiff has had difficulty retaining an attorney to represent her in this case and asserts that plaintiff is now less confident in her ability to represent herself, there is no basis to conclude that plaintiff is unable to serve defendants without the assistance of an attorney. To the extent plaintiff seeks administrative closure so that she can secure appointment of an attorney through the Civil Bro Bono Panel, her request for appointment of counsel has been denied, rendering this aspect of plaintiff's motion moot. Moreover, defendants have not been served and have not therefore had an opportunity to respond to plaintiff's request for administrative closure. Thus, in light of plaintiff's failure to comply with Rule 4(m), the Court does not find that administrative closure is appropriate in this case.

For the foregoing reasons and pursuant to the magistrate judge's July 23, 2015 order [Docket No. 18], it is

**ORDERED** that plaintiff's claims are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED** that plaintiff's Motion for Court to Order an Administrative Closure Pursuant to D.C.COLO.LCivR 41.2 [Docket No. 20] is **DENIED**.

DATED September 30, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge